CHERYL D. ORR (SBN 143196)
cheryl.orr@dbr.com
PHILIPPE A. LEBEL (SBN 274032)
philippe.lebel@dbr.com
SABA S. SHATARA (SBN 294150)
saba.shatara@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:     (415) 591-7500
Facsimile:      (415) 591-7510

Attorneys for Defendant
Kaplan Higher Education, LLC

SHELLEY G. BRYANT - # 222925
AMANDA B. WITTEN - # 251160
BRYANT WHITTEN LLP
8050 North Palm Avenue, Suite 210
Fresno, California 93711
(559) 494-4910  Telephone
(559) 421-0369  Facsimile

Attorneys for Plaintiff
Brian Gibbs

# UNITES STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

BRIAN GIBBS,

              Plaintiff,

v.

KAPLAN COLLEGE aka KAPLAN HIGHER
EDUCATION, LLC, a Delaware limited liability
company, and Does 1 through 20, inclusive,

              Defendants.

Case No. 1:14-cv-00239-LJO-BAM

**STIPULATED PROTECTIVE ORDER**

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1

CASE NO. 1:14-CV-00239-LJO-BAM

1  **IT IS HEREBY STIPULATED** by and between the Parties[1] to the action entitled

2  "BRIAN GIBBS, Plaintiff, v. KAPLAN COLLEGE aka KAPLAN HIGHER EDUCATION,

3  LLC, a Delaware limited liability company, and Does 1 through 20, inclusive, Defendants," case

4  number 1:14-cv-00239-LJO-BAM, by and through their respective counsel of record, that in

5  order to facilitate the exchange of information and documents which may be subject to

6  confidentiality limitations on disclosure due to federal laws, state laws, and/or privacy rights, the

7  Parties stipulate as follows:

8  1.  <u>PURPOSES AND LIMITATIONS</u>

9  This litigation may require disclosure of what Defendant or Plaintiff consider private

10  and/or confidential information regarding Defendant's current and/or former employees, such as

11  information about employees' pay, contact information, and/or performance histories, and

12  Plaintiff's medical, employment, educational and financial records.  In addition, Kaplan

13  anticipates that Plaintiff may request, and Kaplan may need to produce, documents that contain

14  what Kaplan considers confidential, proprietary, and/or otherwise non-public business

15  information involving Kaplan's business policies and practices that would likely cause significant

16  harm to Kaplan if made available or accessible publicly.

17  The Parties further seek protections afforded by a court order as opposed to a private

18  agreement, because the Parties anticipate the use of experts and consultants in preparation for

19  trial, and seek to bind such third parties to the same Protective Order.  The Parties further wish to

20  be bound by a court order pursuant to Federal Rule of Evidence 502(d) concerning disclosure

21  protected by work product protection and/or attorney client privilege.  Good cause therefore

22  exists for the issuance of this protective order that will allow the Parties to engage in discovery in

23  the above-captioned lawsuit while providing a means for limiting access to, and disclosure of,

24  private or confidential information.

25  The purpose of this Protective Order is to protect the confidentiality of such materials as

26  much as practical during the litigation.  Any breach of this Protective Order may be addressed by

27

28

---

[1] As used herein, the term "Parties" refers collectively to Defendant Kaplan Higher Education, LLC ("Defendant" or "Kaplan") and Plaintiff Brian Gibbs ("Plaintiff" or "Gibbs").

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1

- 2 -

CASE NO. 1:14-cv-00239-LJO-BAM

appropriate motion to the Court, seeking any remedy otherwise available by law or in equity.

Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated

Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on

all disclosures or responses to discovery and that the protection it affords from public disclosure

and use extends only to the limited information or items that are entitled to confidential treatment

under the applicable legal principles.  The Parties further acknowledge, as set forth in Section

12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

information under seal; Local Rule 141 sets forth the procedures that must be followed and the

standards that will be applied when a party seeks permission from the court to file material under

seal.

2.      DEFINITIONS

        2.1.    Challenging Party:  a Party or Non-Party that challenges the designation of

information or items under this Order.

        2.2.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c).  This includes any material that a Designating Party, in good faith,

contends constitutes or contains information that is: (a) confidential or sensitive company

proprietary business information, the disclosure of which would create a substantial risk of

serious, irreparable financial or other injury, and such risk cannot be avoided by less restrictive

means; and (b) information about current, past or prospective employees that is of a confidential

or private nature, including wage information and job performance-documentation; (c)

information related to students that is of a confidential or private nature; and (d) other such

information that the Requesting Party and non-parties would not have access to but for this

litigation.

        2.3.    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as

well as their support staff).

        2.4.    Designating Party:  a Party or Non-Party that designates information or items that

it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                          - 3 -                CASE NO. 1:14-CV-00239-LJO-BAM

2.5.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7.    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10.   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11.   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14.   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1

- 4 -

CASE NO. 1:14-CV-00239-LJO-BAM

1  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

2  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

3  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4  However, the protections conferred by this Stipulation and Order do not cover the following

5  information: (a) any information that is in the public domain at the time of disclosure to a

6  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

7  a result of publication not involving a violation of this Order, including becoming part of the

8  public record through trial or otherwise; and (b) any information known to the Receiving Party

9  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

10  obtained the information lawfully and under no obligation of confidentiality to the Designating

11  Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

12  4.  <u>DURATION</u>

13  Even after final disposition of this litigation, the confidentiality obligations imposed by

14  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

15  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

16  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

17  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

18  including the time limits for filing any motions or applications for extension of time pursuant to

19  applicable law.

20  5.  <u>DESIGNATING PROTECTED MATERIAL</u>

21  5.1.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

22  Each Party or Non-Party that designates information or items for protection under this

23  Order must take care to limit any such designation to specific material that qualifies under the

24  appropriate standards.  The Designating Party must designate for protection only those parts of

25  material, documents, items, or oral or written communications that qualify – so that other portions

26  of the material, documents, items, or communications for which protection is not warranted are

27  not swept unjustifiably within the ambit of this Order.

28  If it comes to a Designating Party's attention that information or items that it designated

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1

- 5 -

CASE NO. 1:14-CV-00239-LJO-BAM

1    for protection do not qualify for protection at all, or do not qualify for the level of protection

2    initially asserted, that Designating Party must promptly notify all other Parties that it is

3    withdrawing the mistaken designation.

4        5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order,

5    or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

6    protection under this Order must be clearly so designated before the material is disclosed or

7    produced.  This, however, does not preclude a Designating Party from designating Protected

8    Material previously produced in this action prior to the Parties' entry of this Stipulated Protective

9    Order.

10        Designation in conformity with this Order requires:

11        **(a)  For information in documentary form (apart from transcripts of depositions or**

12    **other pretrial or trial proceedings):**

13        The Producing Party affix the legend "CONFIDENTIAL" to each page that contains

14    protected material.  If only a portion or portions of the material on a page qualifies for protection,

15    the Producing Party also must clearly identify the protected portion(s) (e.g., by making

16    appropriate markings in the margins).  Protected Material previously produced in this action prior

17    to the entry of this Stipulated Protective Order will be covered under this Protective Order as

18    follows: the Designating Party shall provide the Receiving Party with correspondence indicating

19    which documents previously produced that will be treated as "CONFIDENTIAL."

20        A Party or Non-Party that makes original documents or materials available for inspection

21    need not designate them for protection until after the inspecting Party has indicated which

22    material it would like copied and produced. During the inspection and before the designation, all

23    of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the

24    inspecting Party has identified the documents it wants copied and produced, the Producing Party

25    must determine which documents, or portions thereof, qualify for protection under this Order.

26    Then, before producing the specified documents, the Producing Party must affix the

27    "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or

28    portions of the material on a page qualifies for protection, the Producing Party also must clearly

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                    - 6 -              CASE NO. 1:14-CV-00239-LJO-BAM

1   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2          **(b)  For testimony given in deposition or in other pretrial or trial proceedings:**

3          The Designating Party may designate information disclosed on the record at the

4   deposition, including testimony and exhibits, as "CONFIDENTIAL INFORMATION" and

5   request the preparation of a separate transcript of such material. Such separate transcript shall

6   include both deposition testimony and exhibits so designated. In addition, a Designating Party

7   may designate in writing, within twenty (20) days after receipt of any deposition transcript in the

8   action, the specific pages of the transcript and exhibits to be treated as "CONFIDENTIAL

9   INFORMATION."  The Designating Party shall then be responsible to notify the Court Reporter

10  and the Court Reporter shall provide a separate transcript which shall include both deposition

11  testimony and exhibits so designated.

12         Transcript pages containing Protected Material must be separately bound by the court

13  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed

14  by the Party offering or sponsoring the witness or presenting the testimony.

15         **(c) Information Contained in Responses to Written Discovery:**

16         A Designating Party may designate information disclosed in response to written discovery

17  requests (including subpoenas) as "CONFIDENTIAL INFORMATION" by so indicating in said

18  responses, on each page of any documents produced with such responses, and/or as otherwise

19  provided in Paragraph 5.2 above, identifying those responses being so designated.  In addition, a

20  Designating Party may designate in writing, within twenty (20) days after receipt of another Party

21  or non-party's responses to written discovery requests, the specific responses, documents, and/or

22  other information to be treated as "CONFIDENTIAL INFORMATION."

23         **(d)  For information produced in some form other than documentary and for any**

24  **other tangible items:**

25         The Producing Party affix in a prominent place on the exterior of the container or

26  containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a

27  portion or portions of the information or item warrant protection, the Producing Party, to the

28  extent practicable, shall identify the protected portion(s).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                        - 7 -                        CASE NO. 1:14-CV-00239-LJO-BAM

5.3.    Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A Party may challenge the propriety of any designation of any Discovery Disclosure or Discovery Material made pursuant to this Order.  The challenge shall be made within forty-five (45) days of the challenging party's receipt of the material to be challenged.  A challenge may be made by serving by facsimile and/or e-mail on all other Parties (and third parties, if applicable) a "Notice of Objection" that identifies with particularity the Protected Material as to which the designation is challenged and states the basis for each challenge.

(a)  After any challenge is asserted to a designation made according to the procedures set forth in Paragraph 5.2 above and its various sub-paragraphs, the Protected Material shall continue to have its designation until the challenge is fully resolved according to the procedures set forth in this paragraph 5.4(b).

(b)  Within twenty (20) calendar days after service of a Notice of Objection in full compliance with paragraph 5.4 above, the Designating Party shall fax and/or e-mail a response to the Notice of Objection setting forth the legal and factual grounds on which the Designating Party bases its position that the materials have been properly designated.  If no such response is provided the objection will be deemed sustained and the document, information or material at issue shall be re-designated in accordance with the objection.

If, after response by the Designating Party the Challenging Party remains unconvinced of the propriety of the designation, the challenging party may file a motion objecting to the designation and seeking the Court's leave to redesignate the identified information within twenty (20) calendar days after receipt of the response to the Notice of Objection.  In the event of a motion objecting to the designation of Protected Material, any Protected Material affected by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                    - 8 -                    CASE NO. 1:14-CV-00239-LJO-BAM

such motion shall be lodged with the Court under seal in conjunction with the motion.  The Designating Party shall bear the burden of establishing that it properly designated the Protected Material within the meaning of this Protective Order or that the information is otherwise deserving of an alternative designation.

If such a motion is timely filed, the original designation shall remain effective until the later of: (i) twenty (20) court days after service of notice of entry of an order re-designating the materials, or (ii) an appellate court's ruling on any timely filed writ petition. The Parties shall meet and confer in good faith prior to the filing of any motion under this paragraph.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                - 9 -                CASE NO. 1:14-CV-00239-LJO-BAM

1  reasonably necessary for this litigation and who have signed the "Acknowledgment and

2  Agreement to Be Bound" (Exhibit A);

3          (d)  the court and its personnel;

4          (e)  court reporters and their staff, professional jury or trial consultants, mock

5  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

6  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7          (f)  during their depositions, witnesses in the action to whom disclosure is

8  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

9  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

10  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

11  separately bound by the court reporter and may not be disclosed to anyone except as permitted

12  under this Stipulated Protective Order.

13          (g)  the author or recipient of a document containing the information or a custodian

14  or other person who otherwise possessed or knew the information;

15          (h)  any other person that the Designating Party agrees to in writing.

16      7.3.    Duty of Maintain "Protected Material" Securely

17          Protected Material must be stored and maintained by a Receiving Party in a secure manner

18  that ensures that access is limited to the persons authorized under this Order.

19  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

20        LITIGATION

21          If a Party is served with a subpoena or a court order issued in other litigation that compels

22  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

23  must:

24          (a)  promptly notify in writing the Designating Party.  Such notification shall

25  include a copy of the subpoena or court order;

26          (b)  promptly notify in writing the party who caused the subpoena or order to issue

27  in the other litigation that some or all of the material covered by the subpoena or order is subject

28  to this Protective Order.  Such notification shall include a copy of this Stipulated Protective

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                           - 10 -                    CASE NO. 1:14-CV-00239-LJO-BAM

1   Order; and

2         (c)  cooperate with respect to all reasonable procedures sought to be pursued by

3   the Designating Party whose Protected Material may be affected.

4         If the Designating Party timely seeks a protective order, the Party served with the

5   subpoena or court order shall not produce any information designated in this action as

6   "CONFIDENTIAL" before a determination by the court from which the subpoena or order

7   issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

8   shall bear the burden and expense of seeking protection in that court of its confidential material –

9   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

10  Party in this action to disobey a lawful directive from another court.

11  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

12        LITIGATION

13        (a)  The terms of this Order are applicable to information produced by a Non-Party

14  in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties

15  in connection with this litigation is protected by the remedies and relief provided by this Order.

16  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

17  additional protections.

18        (b)  In the event that a Party is required, by a valid discovery request, to produce a

19  Non-Party's confidential information in its possession, and the Party is subject to an agreement

20  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

21        (1)  promptly notify in writing the Requesting Party and the Non-Party that

22  some or all of the information requested is subject to a confidentiality agreement with a Non-

23  Party;

24        (2)  promptly provide the Non-Party with a copy of the Stipulated Protective

25  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

26  the information requested; and

27        (3)  make the information requested available for inspection by the Non-Party.

28        (c)  If the Non-Party fails to object or seek a protective order from this court within

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1

- 11 -

CASE NO. 1:14-CV-00239-LJO-BAM

1    14 days of receiving the notice and accompanying information, the Receiving Party may produce

2    the Non-Party's confidential information responsive to the discovery request.  If the Non-Party

3    timely seeks a protective order, the Receiving Party shall not produce any information in its

4    possession or control that is subject to the confidentiality agreement with the Non-Party before a

5    determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

6    burden and expense of seeking protection in this court of its Protected Material.

7    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9    Material to any person or in any circumstance not authorized under this Stipulated Protective

10   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

11   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

12   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

13   made of all the terms of this Order, and (d) request that such person or persons to return and/or

14   destroy **all** copies of all materials so disclosed and certify that such return and/or destruction has

15   taken place.

16   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

17          MATERIAL

18       When a Producing Party gives notice to Receiving Parties that certain inadvertently

19   produced material is subject to a claim of privilege or other protection, the obligations of the

20   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

21   provision is not intended to modify whatever procedure may be established in an e-discovery

22   order that provides for production without prior privilege review. Pursuant to Federal Rule of

23   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

24   communication or information covered by the attorney-client privilege or work product

25   protection, the parties may incorporate their agreement in the stipulated protective order

26   submitted to the court.

27   ///

28   ///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                           - 12 -              CASE NO. 1:14-CV-00239-LJO-BAM

12.    MISCELLANEOUS

12.1.    Right to Further Relief.

All Parties reserve the right to seek modification of this Order at any time for good cause, including obtaining appropriate orders for deponents who refuse to sign the attached Certification (i.e. Exhibit A). The Parties agree to meet and confer prior to seeking to modify this Order for any reason. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all Parties or by order of Court. No Party shall be prejudiced in any way of its right to petition the Court for a further protective order relating to any purportedly confidential information. Nothing in this Order Shall prevent any Party from seeking additional Protective Orders or other appropriate relief with respect to the scope of discovery and/or any discovery requests, depositions, and/or portions thereof that such Party believes to be inappropriate, harassing, or otherwise impermissible under applicable law.

12.2.    Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.    Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                      - 13 -                      CASE NO. 1:14-CV-00239-LJO-BAM

1   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

2   compilations, summaries, and any other format reproducing or capturing any of the Protected

3   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

4   submit a written certification to the Producing Party (and, if not the same person or entity, to the

5   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

6   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

7   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

8   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

9   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

10  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

11  product, and consultant and expert work product, even if such materials contain Protected

12  Material. Any such archival copies that contain or constitute Protected Material remain subject to

13  this Protective Order as set forth in Section 4 (DURATION).

14          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15  Dated: November 26, 2014                    DRINKER BIDDLE & REATH LLP

16

17                                              By: /s/ Philippe A. Lebel
                                                    _____
18                                                  Cheryl D. Orr
                                                    Philippe A. Lebel
19                                                  Saba S. Shatara

20                                              Attorneys for Defendant Kaplan Higher
                                                Education, LLC
21

22  Dated: November 26, 2014                    BRYANT WITTEN LLP

23

24                                              By: /s/ Shelley G. Bryant
                                                    _____
25                                                  Shelley G. Bryant
                                                    Amanda B. Witten
26                                              Attorneys for Plaintiff Brian Gibbs

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                    - 14 -           CASE NO. 1:14-CV-00239-LJO-BAM

1

2                                    **<u>ORDER</u>**

3              The Court approves this Stipulation and Protective Order (Doc.9), except that the Court

4    may exercise its discretion and informally resolve any dispute related to the designation of

5    confidential material should a party file a motion pursuant to the procedures outlined in paragraph

6    6 (b) of this agreement.

7

8    IT IS SO ORDERED.

9

10   Dated :  **<u>December 1, 2014</u>**                    **/s/ Barbara A. McAuliffe___**
                                                           UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1                          - 15 -          CASE NO. 1:14-CV-00239-LJO-BAM

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of California on _____, 2014, in the case of "BRIAN GIBBS,

Plaintiff, v. KAPLAN COLLEGE aka KAPLAN HIGHER EDUCATION, LLC, a Delaware

limited liability company, and Does 1 through 20, inclusive, Defendants," Case No. 1:14-cv-

00239-LJO-BAM.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTED ORDER
ACTIVE/ 77936138.1

- 16 -

CASE NO. 1:14-CV-00239-LJO-BAM